**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, | \* |
| Plaintiff | \* |
| v. | \* Civil Action No. **RWT 03-3052** |
| **JAMES GROSE, et al.**, | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*

### MEMORANDUM OPINION

On September 7, 2004, this Court entered a Memorandum Opinion and Order dismissing the Plaintiff's Application to Confirm Arbitration Award on the basis that the documents filed with the Court made clear that the matters that were submitted to, and made the subject of an award by, the arbitrator were expressly excluded from the scope of the agreement to arbitrate.

The Ex-Parte Award of Arbitrator, a copy of which is attached to the Plaintiff's Petition, purported to award injunctive relief in favor of Choice Hotels International, Inc. ("Choice") against the Defendants, James Grose ("Grose") and J&L Markle, Inc. ('Markle"), concerning use by Defendants of the trademarks and service marks of Choice. In addition, it awarded $217,021.25 in damages against Grose,[1] including $14,383.35 for trademark infringement, and $43,150.05 consisting of treble damages for trademark infringement.

---

[1] The arbitrator's award did not provide for monetary relief against Markle, because of bankruptcy proceedings with respect to it, but did award post-petition injunctive relief for infringement of intellectual property citing the decision in *Laramie Ltd. v. Yes! Entertainment Corporation*, 244 B.R. 56 (D.N.J. 2000).

Choice has moved to reconsider arguing that (1) the Defendants have waived any right to object to arbitrability; and (2) the award, at least in part, is within the scope of the agreement of the parties to arbitrate. The Fourth Circuit has recognized three grounds "for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Choice asserts that the Court made an error of "apprehension" when it expressed concern that the arbitrator's award was granted outside of the parties' agreement to arbitrate. See Clark v. Virginia Bd. Of Bar Examiners, 861 F. Supp. 512, 518 (E.D. Va. 1994), citing, Above the Belt, Inc. v. Mel Bohannan Roofing, inc., 99 F.R.D. 99, 101 (1983). After reviewing Choice's Memorandum in support of its Motion To Alter Judgment and the Affidavit of Kerry McGeever which is attached to it, the Court agrees that it must reconsider its decision.

A.   Award of Injunctive Relief

It is axiomatic that the power of arbitrators is derived from the contractual understanding between the parties. In the absence of an agreement to arbitrate, arbitrators are powerless to act, and courts appropriately may refuse to enforce awards where a jurisdictional prerequisite to an arbitrator's authority to act, i.e., an agreement to arbitrate, is lacking. Mountaineer Gas Co. v. Oil, Chemical & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996) (holding that an arbitration award can be overturned by a court if the award "fails to draw its essence" from the agreement). The Court's concern in this case arose from the agreement to arbitrate which is located in the parties' franchise agreement and reads as follows:

> **22. Arbitration**.  Except for our claims against you for indemnification, actions for

>collection of moneys owed us under this Agreement, or actions seeking to enjoin you from using the Marks in violation of this Agreement, any controversy or claim relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, will be sent to final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator will apply the substantive laws of Maryland, without reference to its conflict of laws provision. Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland.

The language of this clause expressly excludes the award of injunctive relief relating to the use of Choice's trademarks from the enumeration of arbitrable disputes. When Choice filed its Application to Confirm Arbitration award, the existing record did not show that Defendants had consented to interim injunctive relief. Thus, the Court was understandably troubled by Choice's attempt to enforce an award on an issue that it was seemingly unentitled to arbitrate.

Now, however, Choice has filed an affidavit and other documents which indicate that Defendants were fully aware of the arbitration proceedings and, in fact, consented to interim injunctive relief. Aff. Of Kerry McGeever at ¶ 5. Documents submitted by Choice show that Defendants' initial response to Choice's demand for arbitration came in the form of a letter addressed to counsel for Choice in which Grose stated that "[w]e do not agree with this claim." Grose went on to advise that "[o]ur attorneys have advised us that Choice owes us money. They do not believe the contract is valid." Later, Grose wrote to a case manager for the American Arbitration Association, advising her that "[w]e reject the arbitrator that was assigned the case." At some point, Grose and Markle engaged counsel, who engaged in discussions with attorneys for Choice, and exchanged documents with them. Defendants' counsel was made aware that Choice requested interim injunctive relief from the arbitrator. Choice avers that

Defendants consented to the award of interim injunctive relief, which is supported by the fact that Choice never received any opposition from Defendants' counsel concerning this request. Despite Defendants' preliminary involvement in the arbitration process, no one on behalf of the Defendants appeared at the arbitration proceeding that resulted in the award which Choice now seeks to enforce and no motion to vacate the award was ever filed in this Court.

Choice relies upon an unpublished decision of the United States Court of Appeals for the Fourth Circuit in *Choice Hotels International v. Chewl's Hospitality, Incorporated,* 91 Fed.Appx. 810, 2003 WL 22961190 (4th Cir.(Md.)) in support of its argument that Defendants consented to the arbitration through their conduct during the arbitration process. The Court need not address the issue of what specific conduct, if any, on the part of Defendants would have resulted in a waiver of their right to object to the award. The newly provided evidence indicates that despite the fact that injunctive relief was expressly excluded from the scope of the agreement to arbitrate, the parties actually agreed during the course of their negotiations to permit the arbitrator to enter that relief. Thus, the arbitrator's use of his authority to award injunctive relief is a proper result of the parties' agreement.

  B.  Award of Monetary Relief

Choice also points to the published decision of the United States Court of Appeals for the Fourth Circuit in *Choice Hotels International v. BSR Tropicana Resort, Incorporated*, 252 F.3d 707 (2001) for the proposition that its claims for damages were properly presented to the arbitrator. The arbitration clause at issue in this case is identical to the one before the court in *BSR Tropicana*. In that case, the Fourth Circuit distinguished between fees that are part of the franchise contract itself, and not a remedy for either party's deviation from the contract. Where such a fee is part of the contract itself and is a sum

certain it comes within the collection exemption and is not subject to arbitration. On the other hand, claims for breach of contract are not within the collection exemption, and are subject to arbitration. In short, the court concluded that where obligation at issue arises not from the formation of the contract, but rather from an alleged breach of the contract, the collection exemption does not apply.

Applying this standards to the arbitration award at issue, it is clear that the financial obligations forming the basis for the arbitrator's award rise not from the formation of the franchise contract, but rather from alleged breach thereof. Following the decision of the Fourth Circuit in *BSR Tropicana*, such damages do not come within the collection exemption and the arbitrator's award with regard to those damages must be enforced.

For the foregoing reasons, a separate Order will be entered granting the Plaintiff's Motion to Alter Judgment and entering a judgment in favor of Choice for the injunctive relief and monetary relief awarded by the arbitrator.

August 19, 2005                                              /s/
                                                    ROGER W. TITUS
                                             UNITED STATES DISTRICT JUDGE